LoitiNGt, J.,
delivered the opinion of the court:
The petitioner alleged in his petition that, on the 7th of January, 1867, he was appointed a watchman in the public grounds, under the Commissioner of Public Buildings, to wit, in reservation No. 2, in the city of Washington, and that he held said employment and performed its duties until April 12, 1870; and he claimed a balance of compensation under the statutes fixing the compensation of such watchmen.
To his petition a general demurrer was filed by the defendants, and thus the question is raised of the construction of those statutes.
The fifth section of the Act22d July, 1866, (14 Stat. L., p. 321,) *332 fixed the compensation of each watchman in the public buildings and grounds, under the Commissioner of Public Buildings, whose compensation was less than $1,000 a year, from July 1, 1866, at $900 per year. And the Act March 1, 1869, (15 Stat. L., p. 282,) appropriated, “ for compensation of watchmen in reservation No. 2, $3,000;” and thus made for them a specific, appropriation.
Then a subsequent clause of the same statute, relating expressly to the State Department, made for the compensation of its officers and employés a specific appropriation of $55,140,, and then provided as follows: “Provided, That the pay of any messenger in either of the departments, executive or judicial,. of the Government, employed during the whole year, shall be $840 per annum and no more; * * * -and the pay of all laborers and watchmen, (whether night or day,) employed, as aforestated, shall be $720 and no more.”
Then an additional and still subsequent clause of the same-statute prescribed as follows: “And this act shall not be so construed as to reduce the compensation of any employé of the Government below the amount allowed in the last or present, appropriation bill.”
Under these statutes the petitioner has been paid for the-fiscal year commencing July 1, 1869, at the rate of $720 per annum; and under the Acts July 28,1868, (14 Stat. L., § 18, p. 323,) and June 10,1872, (16 Stat: L., p. 366,) 20 per cent, on $720.
And he claims under the Act July 22,1866, as a balance due on his annual compensation, $140.94, and as a balance due on his percentage under the Acts 28th July, 1868, and 10th June, 1872, $28.18; making in all $169.12.
And the question raised by the pleadings is whether the petitioner was entitled to $900 per annum upon the Act 22d July, 1866, and to 20 per cent, on that, or only to $720 under the Act 1869, and 20 per cent, on that.
And we think the question is determined by the arrangement of the act of 1869, as shown on its face. It classifies its appropriations by subjects, dividing them into legislative, judicial, and executive; and it places the appropriations for public buildings and grounds, which are under the Commissioner of Public Buildings, in the list of legislative appropriations, where,, as has been said, the appropriation is in these words: “For compensation of watchmen in reservation No. 2, $3,000.” And *333 •this of itself in no way conflicts (so far as is shown) with the uct of I860, fixing the pay of such watchmen at $900 per annum.
Then the provision that “ the pay of all laborers and watchmen, (whether night or day,) employed as aforestated, shall be $720 and no more,” occurs in the appropriations for executive and judicial departments, and is by express terms confined to those departments; its provisions and terms, therefore, do not refer to and cannot affect the appropriations for the legislative •department, to which that for the petitioner belongs.
It is true that the second section of the Appropriation Act 1867 (14 Stat. L., p. 466) abolishes the office of Commissioner ■of Public Buildings and transfers his duties to the Chief Engineer of the Army. But this is, and purports to be, a transfer of duties only, and not of jurisdiction. The act cited does not ■express or imply any intent on the part of Congress to surrender its control of the public buildings and grounds and of its own halls, or to clothe the War Department with it. And any such surrender would require an express grant, or an implication equivalent to it, and absolutely necessary.
On the grounds stated we overrule the demurrer.